IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Noah Romo,                                                                                  3:20cv1557
        Plaintiff,

        v.                                                                                  **ORDER**

Commissioner of Social Security,

        Defendant.

    This is an appeal from the denial of Social Security benefits. The Honorable Magistrate Judge Carmen E. Henderson has issued a Report and Recommendation, recommending that I deny the plaintiff's petition. (Doc. 17). Plaintiff, Noah Romo, has filed an objection (Doc. 18).

    For the following reasons, I overrule Plaintiff's objection and I approve and adopt Magistrate Judge Henderson's Report and Recommendation.

**Discussion**

    Romo has raised a single objection to Magistrate Judge Henderson's Report and Recommendation. He complains that the Administrative Law Judge who decided his case gave great weight to the opinions of two state agency physicians but failed to explain why he did not adopt their specific limitation to "superficial" contact with coworkers or supervisors.

    As Magistrate Judge Henderson explained, an "ALJ is not obligated to explain every omitted restriction from a non-treating physician's opinion." (Doc. 17, pgID 1004) (citing *Martin v. Comm'r of Soc. Sec.*, 658 F. App'x 255, 259 (6th Cir. 2016)). "All that was required was for the ALJ to 'say enough to allow the appellate court to trace the path of his reasoning.'" (*Id.*)

1

(quoting *Stacey v. Comm'r of Soc. Sec.*, 451 F. App'x 517, 519 (6th Cir. 2011) (citation and internal quotation marks omitted)). The ALJ's decision is amply sufficient to meet that standard.

Two state agency physicians reviewed Romo's medical records.

First, Dr. Carl Tishler, Ph.D. determined that Romo had moderate limitations in the ability to interact appropriately with the public, supervisors, and coworkers and in his ability to accept instructions and respond appropriately to criticism from supervisors. In his explanation, he stated that Romo could engage in "superficial social interactions." (Doc. 12, pgID 194).

Subsequently, on reconsideration, state agency psychologist Karla Delcour, Ph.D., adopted Dr. Tishler's opinion of moderate limitations and his statement regarding superficial social interactions. (*Id.*, pgID 208).

The ALJ obtained a consultative examination from Dr. Brian Griffiths, Ph.D. Dr. Griffiths also opined that Romo was moderately limited in his ability to interact with coworkers, supervisors, or the general public. (*Id.*, pgID 891). Dr. Griffith did not address the nature of interactions his moderate rating in those categories would allow. Notably, however, he reported that Romo stated that, in the past, he had adequate relationships with supervisors and coworkers. (*Id.*, pgID 888).

In her decision, in her step-three analysis of whether Romo's mental limitations met a listing, the ALJ agreed with all three doctors that Romo's limitations in interacting with others was moderate. (*Id.*, pgID 93). She explained that finding as follows:

> [Romo] has described irritability isolation and fear of social interactions to his mental health treatment provider (*e.g.*, 4F/16). And he testified that he avoids family gatherings and responds poorly to conflicts or confrontations. This indicates his limitation is more than mild. However, he reported he has a good relationship with his family. . . . His symptoms showed improvement with treatment and medication; for instance, in November of 2017, he indicated he went out on a date, and he was interacting more with

>his neighbors and enjoying it . . . . There is no evidence he behaves inappropriately in public or gets into significant altercations with others. Accordingly, his limitation is less than marked. The consultative psychological examiner observed that the claimant interacted appropriately during the examination, but noted that he reported social withdrawal.

(*Id.*, pgID 93).

In addressing Romo's RFC at step four, the ALJ reviewed Romo's treatment history, which reflected the improvements she previously had noted. (*Id.* pgID 98-100). She developed a RFC that limited Romo, *inter alia*, to no tandem work and to "occasional interactions with supervisors, coworkers, and is to have no contact with the general public." (*Id.*, pgID 94).

The ALJ stated that her RFC regarding social interaction "accommodated" Dr. Griffiths opinion. (*Id.*, pgID 100). She repeated the state agency physicians opinion regarding minimum superficial interactions and stated that her RFC determination "generally accommodate[d]" their opinions regarding social interaction. (*Id.*).

As noted above, because the three opining physicians were not treating physicians, the ALJ was not required to provide a specific explanation of why she did not accept their stated limitations verbatim. *Martin, supra*, 658 F. App'x at 259. She merely needed to provide an explanation sufficient to allow a reviewing court to "trace the path of [her] reasoning." *Stacey, supra*, 451 F. App'x at 519. I agree with the Magistrate Judge that the ALJ's decision met that standard. Accordingly, it is

ORDERED THAT:

1) Plaintiff's objection to the Report and Recommendation (Doc. 18) be, and the same hereby is, overruled;

2) The Report and Recommendation (Doc. 17) be, and the same hereby is, approved and adopted;

3) Plaintiff's request for review be, and the same hereby is, denied with prejudice; and

4) The Clerk shall mark this matter closed.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge